**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SONYA DIANE SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:08-CV-774 |
| v. | § | |
| | § | |
| CITY OF CLEVELAND, TEXAS, ET AL.. | § | JUDGE RON CLARK |
| | § | |
| Defendants. | § | |
| | § | |

# ORDER

Defendant City of Cleveland ("the City") moves to dismiss all state law tort claims against its employees — Philip Cook, Ike Hines, Henri Patterson, Harry Williams and Tommye Pressley (collectively "City Employees") — pursuant to Texas Civ. Prac. & Rem. Code § 101.106(e). [Doc. #6]. Ms. Scott asserted tort claims against both the City and City Employees. Section 101.106(e) requires the court to grant City's motion and dismiss the state law tort claims against City Employees.

## I. BACKGROUND

Plaintiff Sonya Diane Scott filed suit in Texas state court against her former employer, Defendant City of Cleveland and five city employees — Defendants Philip Cook, Ike Hines, Henri Patterson, Harry Williams and Tommye Pressley. Doc. #1, Ex. 1. Defendants removed the case to this court on the basis that it involves a federal question — Ms. Scott alleges, among other causes of action, a violation of the Civil Rights Act of 1866. Doc. #1.

Ms. Scott alleges the following state common law tort claims against the City or City Employees:

1. Intentional Infliction of Emotional Distress against City and all City Employee Defendants;

2. Defamation and Defamation Per Se against Defendants Cook, Hines, Patterson and Pressley;

3. Libel Per Se against Defendants Cook, Hines, Patterson and Pressley;

4. Civil Conspiracy against all City Employee Defendants; and

5. Negligence against Defendants Cook, Patterson and Pressley.

## II. APPLICABLE LAW

Texas Civil Practice & Remedies Code § 101.106(e) provides that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e). Employees are defined as "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control." Tex. Civ. Prac. & Rem. Code § 101.101(2).

## III. ANALYSIS

### A. Texas State Law Controls

The parties dispute whether § 101.106(e) of the Texas Civil Practice & Remedies Code acts to dismiss the Texas state causes of action against City Employees. Defendants contend that *Meadours v. Ermel*, 483 F.3d 417 (5th Cir. 2007) controls because it has not been overruled by

the Supreme Court or the Fifth Circuit *en banc*.  In *Meadours*, the Fifth Circuit held that § 101.106 does not apply to intentional tort claims.  However, in a case involving allegations of intentional infliction of emotional distress, the same claim made by Ms. Scott, the Texas Supreme Court stated that § 101.106 applies to all tort theories.  *Mission Consolidated Independent School District v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008).

To determine which law to follow, this court must first determine whether §101.106 is substantive or procedural using the "outcome determinative" test.  This court must apply any state law that substantially determines the outcome of the litigation.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 S.Ct. 817 (1938).  This court must also make its choice to avoid an inequitable administration of laws and to discourage forum shopping.  *Hanna v. Plumer*, 380 U.S. 460, 468, 85 S.Ct. 1136 (1965); *Milbrand v. DaimlerChrysler Corp.*, 105 F.Supp. 2d 601, 604 (E.D. Tex. 2000).  Section 101.106 is outcome determinative because applying it determines whether claims against the City and City Employees will be dismissed.  Further, if this court did not apply the rule, it would encourage forum shopping between state and federal courts and create different results in each forum.  Therefore, the court applies Texas law to interpret the statute.

If the statute is clear and unambiguous, the court simply applies it.  *See Glyn-Jones*, 878 S.W.2d at 133.  If it is unclear, the court determines "whether ... any final decisions of the [Texas] Supreme Court are dispositive". *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir.1998).  If there is no holding directly on point, the court must predict how the Texas Supreme Court would rule using an "*Erie*-guess." *Id.*; *see also Am. Guar. & Liab. Ins. Co. v. 1906 Co.*, 129 F.3d 802, 807 (5th Cir.1997).  This prediction is based on factors including

(1) decisions by the Texas Supreme Court, (2) the rationale and analysis performed by the Texas Supreme Court, and (3) *dicta* by the Texas Supreme Court. *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 199 (5th Cir. 2006).

In *Garcia*, the Texas Supreme Court considered the issue before this court in its analysis — whether state law tort causes of action against a city employee should be dismissed when the plaintiff alleges related state law causes of action against both the city and an employee in his individual capacity — and determined that all asserted state tort law causes of action against the city employee should be dismissed because the plaintiff asserted a related state tort claim against both the city and its employee in the employee's individual capacity. 253 S.W.3d at 657.

**B. Application of Section 101.106(e) to this case**

Ms. Scott admits that her complaint alleges a claim of intentional infliction of emotional distress against the City, but contends that it was only a typographical error. Doc. #17 at 4. Mistake or not, a plaintiff should "proceed cautiously before filing suit" and plead its causes of action against the proper parties. *Garcia*, 253 S.W.3d at 657; *Pearlman v. City of Fort Worth, Texas*, 2008 U.S. Dist. LEXIS 87881 (N.D. Tex. October 30, 2008) (admonishing Plaintiff for failing to proceed cautiously and dismissing claims against an individual because Plaintiff asserted claims against the city and Defendant McCleskey when it referred to McCleskey "Individually and in his Official Capacity").

The court cannot conclude that the allegation of intentional infliction of emotional distress directed toward the City was simply an innocent mistake. It is equally probable that Ms. Scott is merely altering her Complaint to allow recovery against the City Employees in their individual capacities. *Pearlman*, 2008 U.S. Dist. LEXIS 87881 at *8-9. Ms. Scott may not make

4

amend her complaint to eliminate the City after she made the claim for recovery against both the City and City Employees as § 101.106(e) is "irrevocably applicable." *Id.* at *9; *see also Singleton v. Casteel*, 267 S.W. 547, 553 (Tex. App. – Houston [14th Dist.] 2008, pet. denied); *Brown v. Xie*, 260 S.W.3d 118, 122 (Tex. App. – Houston [1st Dist.] 2008, no pet.). The City's motion to dismiss City Employees must be granted. Tex. Civ. Prac. & Rem. Code § 101.106(e). The statute clearly states that the employees "shall immediately be dismissed." *Id.* There is no provision for discovery, repleading, or the like. The purpose of the statute "was to force a plaintiff to decide at the outset whether an employee acted independently . . . thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Garcia*, 253 S.W.3d at 657.

IT IS THEREFORE ORDERED Defendant City of Cleveland's Motion [Doc. #6] is **GRANTED**. Sonya Diane Scott's causes of action for intentional infliction of emotional distress against Philip Cook, Ike Hines, Henri Patterson, Harry Williams and Tommye Pressley; defamation and defamation per se against Philip Cook, Ike Hines, Henri Patterson and Tommye Pressley; libel per se against Philip Cook, Ike Hines, Henri Patterson and Tommye Pressley; civil conspiracy against Philip Cook, Ike Hines, Henri Patterson, Harry Williams and Tommye Pressley; and negligence against Philip Cook, Henri Patterson and Tommye Pressley are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **30** day of **March, 2009.**

_____
Ron Clark, United States District Judge